UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>MAHAMED ABUKAR SAID,<br><br>           Defendant. | 0:15-CR-00145-LLP-VLD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY DISCOVERY OF JENCKS ACT MATERIAL AND GRAND JURY TESTIMONY<br><br>[DOCKET NO. 35] |

      In this case pending in the District of Minnesota, all district judges and magistrate judges in that district have recused themselves. See Docket No. 50. Thereafter, the Honorable Lawrence L. Piersol of the District of South Dakota was appointed to preside over this case. See Docket No. 51.

      Prior to the District of Minnesota recusing itself, the Honorable Franklin L. Noel, United States Magistrate Judge, resolved several pending motions. See Docket No. 47. Judge Piersol, after being assigned to this case, vacated Judge Noel's order in order to avoid even the appearance of impropriety and has asked this magistrate judge to rule anew on the pending motions previously resolved by Judge Noel. See Docket Nos. 54, 55.

      Docket No. 35 is a motion by defendant Mahamed Abukar Said asking for a court order directing the government to provide Jencks Act material and grand jury testimony at least one month before the trial in this matter. That motion was opposed by the government because the Jencks Act only requires

the government to provide discovery of a witness' statement after that witness has testified on direct examination.  See Docket No. 45 at pp. 7-8.

Under FED. R. CRIM. P. 16 and 18 U.S.C. § 3500 ("Jencks Act"), the government is only required to give the defendant copies of the defendant's own statements in advance of trial.  As to statements by other witnesses, the government is required to provide copies of those statements only after the witness testifies upon direct examination.  See FED. R. CRIM. P. 26.2.  Under Federal Rule of Criminal Procedure 6, the government is not required to disclose the grand jury transcript unless the defendant testified at the grand jury.

Despite the applicable law for discovery of witness statements, the government represents it usually does provide statements of witnesses who will be testifying at trial somewhat in advance of the start of trial in order to avoid lengthy delays during the trial while defense counsel examines the witness statement.  The government states in its brief that, generally, this is done one week before trial in the District of Minnesota.  In this district, it is typically done on the Friday before the Tuesday start of a trial.  Given that the practice in Minnesota is more favorable to the defense, the court believes the Minnesota practice should apply in this case.

Accordingly, it is hereby

ORDERED that Mr. Said's motion for the early provision of witnesses' statements [Docket No. 35] is denied.  The government shall provide witness statements for government witnesses to Mr. Said one week before the start of

the trial in this case. Should the government determine it will depart from its standard practice and elect to provide such statements less than one week prior to trial, the government shall immediately notify the Honorable Lawrence L. Piersol of this decision.

DATED this 25th day of August, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge