UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | 0:15-CR-00145-LLP-VLD |
|---|---|
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY OF BRADY, GIGLIO, AND RULE 16 MATERIALS |
| MAHAMED ABUKAR SAID, | |
| Defendant. | [DOCKET NO. 37] |

In this case pending in the District of Minnesota, all district judges and magistrate judges in that district have recused themselves. See Docket No. 50. Thereafter, the Honorable Lawrence L. Piersol of the District of South Dakota was appointed to preside over this case. See Docket No. 51.

Prior to the District of Minnesota recusing itself, the Honorable Franklin L. Noel, United States Magistrate Judge, resolved several pending motions. See Docket No. 47. Judge Piersol, after being assigned to this case, vacated Judge Noel's order in order to avoid even the appearance of impropriety and has asked this magistrate judge to rule anew on the pending motions previously resolved by Judge Noel. See Docket Nos. 54, 55.

Docket No. 37 is a motion by defendant Mahamed Abukar Said asking for a court order requiring the government to immediately provide all Brady, Giglio, and Rule 16 materials.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment and not otherwise available to the defendant." See United States v. Santisteban, 501 F.3d 873, 877 (8th Cir. 2007) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Bagley, 473 U.S. 667, 678 (1985)). "To prove a violation, the defendant must show that the evidence was both favorable and material, and that the government suppressed the evidence." Santisteban, 501 F.3d at 877 (citing United States v. Barraza-Cazares, 465 F.3d 327, 333 (8th Cir. 2006)). "The government has suppressed evidence when it was otherwise unavailable to the defendant, and the prosecution failed to disclose the evidence in time for the defendant to use it." Santisteban, 501 F.3d at 988 (citing Barraza-Cazares, 465 F.3d at 334). Thus, "[t]he government does not suppress evidence in violation of Brady by failing to disclose evidence to which the defendant had access through other channels." Santisteban, 501 F.3d at 877 (quoting United States v. Zuazo, 243 F.3d 428, 431 (8th Cir. 2001)). Impeachment evidence falls under Brady when the reliability of a given witness may be determinative of a defendant's guilt or innocence. Giglio v. United States, 405 U.S. 150, 154 (1972).

Mr. Said clearly has a right to Brady and Giglio evidence and he clearly has a right to it as soon as the government is aware of its existence. The post-trial view, referred to by the government in its brief, is simply the test applied on appeal to determine whether a Brady violation requires the granting of a new trial. That post-trial review standard in no way excuses the government

2

from providing Brady material in a timely fashion when the government becomes aware of its existence.

Mr. Said also asks for an order compelling the government to provide the discovery required by Fed. R. Crim. P. 16.  The government has stated that it knows its obligations to provide discovery under Rule 16, that it has complied with that rule up to now, and that it intends to continue to comply with the rule.  Accordingly, it is hereby

ORDERED that Mr. Said's motion [Docket No. 37] is granted.  The government shall immediately disclose any Brady or Giglio material as the government becomes aware of such material and shall request such material from all its investigators working on this case, state and federal.  In addition, the government shall make those disclosures required by Fed. R. Crim. P. 16 in the form and manner required by that rule.

DATED this 25th day of August, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge