UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA,   Plaintiff, vs. MAHAMED ABUKAR SAID,   Defendant. | 0:15-CR-00145-LLP-VLD  ORDER GRANTING DEFENDANT'S MOTION FOR THE DISCLOSURE OF RULE 404(B) EVIDENCE  [DOCKET NO. 41] |
|---|---|

In this case pending in the District of Minnesota, all district judges and magistrate judges in that district have recused themselves. See Docket No. 50. Thereafter, the Honorable Lawrence L. Piersol of the District of South Dakota was appointed to preside over this case. See Docket No. 51.

Prior to the District of Minnesota recusing itself, the Honorable Franklin L. Noel, United States Magistrate Judge, resolved several pending motions. See Docket No. 47. Judge Piersol, after being assigned to this case, vacated Judge Noel's order in order to avoid even the appearance of impropriety and has asked this magistrate judge to rule anew on the pending motions previously resolved by Judge Noel. See Docket Nos. 54, 55.

Docket No. 41 is a motion by defendant Mahamed Abukar Said asking for a court order directing the government to disclose evidence of other crimes, bad acts, or similar course of conduct which the government will offer at trial under FED. R. EVID. 404(b). Mr. Said also requests the order to require the

government to identify the witness(es) through whom it will offer any 404(b) evidence identified.

The government responds that it is aware of its obligation to provide pretrial notice of evidence offered pursuant to Rule 404(b) and proposes to provide such notice 14 days prior to trial, or upon the government learning of such evidence, whichever date is later. See Docket No. 45 at pp. 10-11. However, the government notes that Rule 404(b) does not include defendant's bad acts which are "intrinsic" to the charged crime. Id. Therefore, the government states its intention not to provide pretrial notice of intrinsic acts. Id.

Rule 404(b) of the Federal Rules of Evidence provides:

**(b)** **Crimes, Wrongs, or Other Acts**

**(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

See FED. R. EVID. 404(b).

The pretrial notice provision in criminal cases was added in a 1991 amendment to Rule 404. See FED. R. EVID. 404(b) advisory committee's note to 1991 amendment. The committee notes that no specific period of time before

trial is set by the rule. It is expected that counsel for both parties will make the request and provide the required notice in a reasonable and timely fashion. Id. Citing United States v. Williams, 900 F.2d 823 (5th Cir. 1990), the advisory committee also notes that the amendment does not require the government to provide evidence of acts which are "intrinsic" to the charged offense. Id. The Eighth Circuit likewise has held that evidence which is "probative of the crime charged," or "bad acts that form the factual setting of the crime in issue," or acts that "form an integral part of the crime charged" are not excluded under Rule 404(b). See United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997). This is because such acts are "not truly separate bad acts that show propensity, but are 'intrinsic evidence' which is inextricably intertwined' with the crime charged." Id. (citations omitted, punctuation altered). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006) (citation omitted, punctuation changed).

For example, where defendants were charged with conspiracy and kidnapping, evidence that they killed the victim was not excluded by 404(b) (even though they were not charged with murder) because the killing was an integral part of the kidnapping. See United States v. Williams, 95 F.3d 723, 731 (8th Cir. 1996). In Heidebur, the court held that evidence the defendant molested his stepdaughter was **not** intrinsic evidence of the crime he was

charged with, possession of child pornography for having nude photos of the stepdaughter. Heidebur, 122 F.3d at 579-80. The court ruled this way, in part, because there was no evidence as to when the photos were taken. Id.

In United States v. Ruiz-Chavez, 612 F.3d 963, 985-86 (8th Cir. 2010), the defendant was charged with conspiracy to distribute methamphetamine from June 2006 to July 2007 following a traffic stop in July 2007 in which 1.663 kilograms of methamphetamine was discovered in a van in which Ruiz-Chavez and four others were traveling. At trial, the prosecution introduced evidence that Ruiz-Chavez was arrested in 2006 under circumstances where he was found in a vehicle in possession of a stolen firearm and $2,100 in cash while a nearby associate was in possession of methamphetamine. Id. at 986. The Eighth Circuit ruled that the evidence of the 2006 arrest was intrinsic rather than extrinsic, and thus not excluded by Rule 404(b). Id. at 987-88. In so holding, the court noted that the arrest took place during the time frame alleged in the indictment for the crime charged, that the circumstances of the earlier arrest were similar to the circumstances of the July 2007 arrest, and the drug involved in both arrests was methamphetamine. Id.

As is obvious from the above facts, whether evidence of other acts is "intrinsic" and not subject to Rule 404(b), or "extrinsic" and subject to the rule, is often an "eye of the beholder" issue. When the government withholds pretrial notice of evidence that arguably could be characterized as 404(b) evidence, it does so at its peril. Based on the foregoing, then, it is hereby

4

ORDERED that Mr. Said's motion to compel the disclosure of Rule 404(b) evidence is granted. The government is hereby ordered to turn over to Mr. Said at least 14 days prior to trial, or later if the government discovers such evidence later, any extrinsic evidence of other acts covered by Rule 404(b).

DATED this 25th day of August, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge